UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT LUCAS WOODWARD,<br><br>      Petitioner,<br>  v.<br><br>JASON BENNETT,<br><br>      Respondent. | CASE NO. 3:24-cv-05540-JHC-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: July 25, 2024 |

The District Court has referred this federal habeas action to United States Magistrate Judge David W. Christel. Petitioner Robert Lucas Woodward, proceeding *pro se*, initiated this action on July 3, 2024, by filing a motion to proceed *in forma pauperis* (Dkt. 1), a proposed federal habeas petition (Dkt. 1-1), and other proposed motions and requests (Dkts. 1-3, 1-4, 1-5). Upon review, the undersigned recommends the instant action be dismissed without prejudice as it is duplicative of another federal habeas action currently pending in this Court. It is further recommended Petitioner's IFP motion (Dkt. 1) and all other proposed motions and requests (Dkts. 1-3 1-4, 1-5) be denied as moot.

  Federal courts "retain broad powers to prevent duplicative or unnecessary litigation." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). "Plaintiffs generally have 'no right to maintain

two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Adams v. Calif. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (citation omitted) (affirming the dismissal of a later-filed duplicative lawsuit). "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action." *Adams*, 487 F.3d at 688. Thus, a district court may dismiss an action that is clearly duplicative of a pending, earlier-filed action. *See e.g., Diaz v. Frauenheim*, No. 5:19-cv-01441-PA (GJS), 2020 WL 730849, at *3 (C.D. Cal. Feb. 12, 2020).

In his proposed petition, Petitioner seeks to challenge his life sentence arising out of a state court conviction entered in *State of Washington v. Robert Lucas Woodward*, Superior Court of Washington for Mason County Case No. 11-1-00088-5. Dkt. 1-1 at 1–2. Though the proposed petition is styled as one filed pursuant to 28 U.S.C. § 2241, the sole mechanism for obtaining federal habeas relief by those confined on a state court conviction is a petition filed pursuant to 28 U.S.C. § 2254. This is true even where, as here, the petitioner seeks to challenge the imposition and/or execution of his state sentence rather than the underlying conviction. *See Dominguez v. Kernan*, 906 F.3d 1127, 1135–36 (9th Cir. 2018) ("[Section 2254] 'is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction.'") (quoting *White v. Lambert*, 370 F.3d 1002, 1009–10 (9th Cir. 2004)). Thus, despite Petitioner's objections, the proposed petition is construed as one filed under 28 U.S.C. § 2254. *See* Dkts. 1-1 at 4 and 1-2 at 1 (arguing the proposed petition is properly brought under § 2241, not § 2254).

Less than a month before he filed his proposed petition in this action, Petitioner initiated a different federal habeas action challenging the same underlying state court conviction. Dkt. 1-1 at 3–4 (referencing *Woodward v. Bennett*, Case No. 3:24-cv-05442-BJR (filed June 5, 2024)). Petitioner's earlier-filed action is still in the very early stages—currently pending is a report and

REPORT AND RECOMMENDATION - 2

recommendation denying his motion to proceed *in forma pauperis* in that action, and the Court has not yet directed the respondent to file a response to the proposed petition filed in that case. *See Woodward*, Case No. 3:24-cv-05442-BJR at Dkt. 9 (report and recommendation entered July 2, 2024). Therefore, there is ample opportunity in Petitioner's earlier-filed habeas action to seek leave to amend his other proposed petition to include additional challenges to his underlying state court conviction and sentence. As such, equity supports dismissal of this later-filed action.

Accordingly, the undersigned recommends the instant action be dismissed without prejudice. It is further recommended Petitioner's IFP motion (Dkt. 1) and his other proposed motions and requests (Dkts. 1-3, 1-4, 1-5) be denied as moot. Finally, a certificate of appealability should be denied in this case.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on July 25, 2024, as noted in the caption.

Dated this 10th day of July, 2024.

David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3